UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ERNEST WOODROW BARSTAD and CHRISTINE RAGAN BARSTAD,**<br><br>Debtors.<br>_____<br><br>**ERNEST WOODROW BARSTAD and CHRISTINE RAGAN BARSTAD,**<br><br>Plaintiffs,<br><br>vs.<br><br>**GLENN DAVIDSON, and TOM IDE, individually, ALBERT BURNEY, INC.,** an Alabama Corporation, and **RIVERBEND REALTY, LLC,** a Montana Corporation,<br><br>Defendants. | Case No. 17-60586-13<br><br><br><br><br><br>Adv. Proc. No. 17-00030 |

**MEMORANDUM OF DECISION**

**INTRODUCTION**

On September 13, 2017, chapter 13 debtors Ernest and Christine Barstad (the "Barstads"), commenced this adversary proceeding by removal under 28 U.S.C. § 1452 of two state court proceedings. The first, Case No. DV-16-68, before the Montana Third Judicial District Court, in Powell County, involved Glenn Davidson and Tom Ide suing

1

the Barstads.[1]  The second, Case No. DV-17-12, involved the Barstads suing Davidson, Ide, Albert Burney, Inc. ("ABI") and Riverbend Realty, LLC.[2]

Immediately after the removal, ABI filed a Motion to Compel Arbitration, Adv. Doc. No. 5 ("Motion").  ABI contends that, pursuant to a prior written agreement between it and the Barstads, the Court should compel arbitration of all claims asserted by the Barstads against it.[3]

The Barstads filed an objection to the Motion.  Adv. Doc. No. 156 ("Objection").[4]  Ernest Barstad's declaration was appended to the Objection.  Adv. Doc. No. 156-1.  The parties stipulated that this declaration could be considered by the Court, for the purposes of this Motion and Objection only, subject to objections by ABI as to relevancy or

---

[1] Case No. DV-16-68 was itself a consolidation of Davidson's and Ide's separate lawsuits against the Barstads.  *See* Adv. Doc. No. 34 (state court order of consolidation of cases DV-16-68 and DV-16-69).

[2] Case No. DV-16-68 and Case No. DV-17-12 were apparently never consolidated in the state court.  The state court documents filed herein suggest that ABI sought to dismiss Case No. DV-17-12, and that it also opposed the Barstads' efforts to consolidate the two cases.  Those documents do not suggest resolution of either matter prior to removal.  *See* Doc. Nos. 121, 127, 128, 130, 134, 137–139.  Thus, there apparently should have been separate removals of those two state court cases resulting in two separate adversary proceedings.  Any issue of consolidation could thereafter have been addressed by this Court under Fed. R. Bankr. P. 7042 (incorporating Fed. R. Civ. P. 42).

[3] This is not ABI's first attempt to compel arbitration.  When ABI was added into Case No. DV-16-68 by the Barstads' third party complaint, it sought to dismiss that complaint and to compel arbitration.  *See*, *e.g.*, Adv. Doc. Nos. 46 (state court motion of Jan. 6, 2017); 67 (brief in support); 61 (the Barstads' state court response filed Feb. 3, 2017); 82 (the Barstads' sur-reply filed Feb. 27, 2017).

[4] The 150 documents in this adversary proceeding between the Motion, Adv. Doc. No. 5, and the Objection, Adv. Doc. No. 156, are copies of papers and pleadings filed in the state court litigation.  Federal Rule of Bankruptcy Procedure 9027(a)(1) requires notices of removal to "be accompanied by a copy of all process and pleadings" from the removed action.  The Barstads' delay in complying with the Rule allowed the Motion to be filed prior to the filing of the state court records.

materiality.

The Motion and Objection came on for hearing on November 20, 2017, and they were taken under advisement after supplemental briefing. Those briefs have now been filed and considered. Adv. Doc. Nos. 163, 164. In addition, the Court has been required to, and has, considered its jurisdiction and the issues regarding the removal raised by the filings herein. This Decision constitutes the Court's findings and conclusions. Fed. R. Bank. P. 7052, 9014.

**FACTS**

The Barstads entered into an Exclusive Right to Sell / Listing Agreement for Real Estate with ABI. Adv. Doc. No. 156-5 ("Listing Agreement"). ABI agreed to sell the Barstads' real property consisting of approximately 320 acres located at 3401 Dry Gulch Road, Ovando, Powell County, Montana (the "Property"). The Property was to be sold at an auction held on or before June 30, 2016, or another mutually agreed upon date. The Listing Agreement acknowledged the Barstads would convey the Property to the successful buyer(s)[5] free and clear of liens, and warranted there were no liens against the Property other than a $550,000 obligation to Two Rivers Bank. The Barstads agreed they would provide a release of such encumbrance, and "make available the cash difference

---

[5] The Property was to be sold at absolute auction (*i.e.*, without regard to price), and the advertising for the auction showed two parcels, each of 160 ± acres, constituting the total 320 acres. Adv. Doc. No. 10 at 8–9 (exhibit to Davidson complaint for specific performance, Case No. 16-68). The potential existed for either a single buyer or two separate buyers. The latter is what occurred.

required to satisfy" the same after sale.[6]  The Listing Agreement provided for auction fees, expenses, a commission, and ABI's payment for promoting and conducting the auction.

The Listing Agreement included a provision, paragraph 14, which stated: "This Agreement will be binding upon the parties hereto and their respective heirs, executors, administrators, successors and assigns, and this Agreement constitutes the entire contract between parties.  There are no oral representations or understandings other than the terms set forth herein.  Any changes to be effective shall be in writing and signed by both parties."  *Id.* at 2.

The Listing Agreement also included a provision, paragraph 15, that stated: "This Agreement is to be construed in accordance with the laws of the State of Montana and any arbitration hereunder shall be held only in Powell County, Montana.  Parties' only option of litigation will be to submit to binding arbitration.  If arbitration is held to be an inappropriate remedy by any Court of Law then any action at law shall be held only in The Circuit Court of Powell County, Montana. (See Arbitration Notice Attached.)" *Id.* at 2.

The Barstads executed the Listing Agreement containing these terms and conditions.  *Id.* at 3.

The Listing Agreement continues with an internal "Arbitration Agreement." *Id.* at

---

[6] The "cash difference" would appear to address the possibility that the auction might not generate sufficient funds to clear the underlying debt.

3–5.  This Arbitration Agreement commits any disputes, matters and/or questions arising out of or related to the auction and Listing Agreement to arbitration.  It recites that this shall be the "SOLE remedy" for any disputes or controversies.  It explains the scope of coverage and the procedures to be applied in the event arbitration is required.  It refers to ABI as "AB" and reads as follows:

> ACKNOWLEDGMENT AND AGREEMENT TO ARBITRATE
>
> "AB" and their agents and employees may conduct business in states different from the state in which the Seller resides and/or the property is located.  Materials furnished and used in conjunction with the auction may be provided by institutions located in another state.  For these and other reasons, both parties agree there is a need for this Arbitration Agreement.
>
> "AB" and Seller agree that the auction agreement executed in connection herewith may involve interstate commerce.  "AB" and Seller agree that the agreement to arbitrate is an integral part of the auction agreement without which neither "AB", would agree to carry out the auction nor would the Seller agree to place the property for sale by auction.  The parties further agree that there is adequate consideration between the parties for said arbitration agreement.

*Id.* at 4.  The Barstads also signed this Arbitration Agreement.  *Id.* at 5.

**DISCUSSION AND DISPOSITION**

The Motion contends, as ABI previously asserted in Montana state court, that any issues the Barstads raise under or in relation to the Listing Agreement and sale must be determined through arbitration.  The Objection argues the Arbitration Agreement is unenforceable and any such issues should be judicially determined.  And, because the Barstads contend the Arbitration Agreement was fraudulently induced, they argue the

Motion should be submitted to and determined by a jury. Objection at 2, 16. They ask this Court to conduct that jury trial. *Id.* at 19.

The Court determines there are several issues that must be addressed before considering the Motion and Objection on the merits. Those issues can be reached on the record now before the Court.

### A.     Requirements and procedures for removal from state court

Federal Rule of Bankruptcy Procedure 9027(a)(1) requires the notice of removal under 28 U.S.C. § 1452 to "contain a short and plain statement of the facts which entitle the party filing the notice" to removal, and it also requires that party to state whether it "does or does not consent to entry of final orders or judgment by the bankruptcy court[.]"[7] In light of these requirements, the Barstads asserted that "The district court has jurisdiction under § 1334 of Title 28 over the claims and causes of action removed[.]" Adv. Doc. No. 1 at 3, ¶ (5). The notice further alleges: "The Barstads are entitled to remove these two cases because the determination of the rights between the parties listed is inextricably intertwined with the Barstads' reorganization plan and a resolution of all the competing claims between the parties." *Id.* at ¶ (8). It also alleges the matters removed constitute core proceedings under 28 U.S.C. § 157(b)(2)(B), (C), (E), (F), (K), (L) and (O). *Id.* at ¶ (9). The Barstads did not include the required statement as to

---

[7] As noted earlier, Rule 9027(a)(1) also requires the notice of removal "be accompanied by a copy of all process and pleadings." Here, the notice of removal represented that was not practical and the pleadings would be provided within 14 days. Adv. Doc. No. 1 at ¶ (11). The Barstads' notice was filed September 13; the state court documents were filed October 3.

6

whether they consented to entry of final orders and judgments by the bankruptcy court.[8]

The Court must strictly construe removal statutes. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (noting in the context of removal statutes that federal courts are required to "scrupulously confine their own jurisdiction to the precise limits which the statue has defined."). Removal under 28 U.S.C. § 1452(a) requires the district court have jurisdiction under 28 U.S.C. § 1334.[9] There is a "[s]trong presumption against removal [which] means the removing party bears the burden of establishing federal jurisdiction and that removal was proper." *Fed. Home Loan Bank of Chicago v. Banc of America Sec. LLC*, 448 B.R. 517, 523 (C.D. Cal. 2011) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Redwood Theatres, Inc. v. Festival Enters.*, 908 F.2d 477, 479 (9th Cir. 1990) (holding the burden of establishing jurisdiction is on the removing party). Moreover, a federal court must "examine the 'well pleaded' allegations of the complaint and ignore potential defenses" in determining its jurisdiction to remove the action from state court. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). And even without a party raising the issue, the Court must independently evaluate its

---

[8] Rule 9027(e)(3) also requires each non-removing party in the action file a statement as to whether that party does or does not consent to entry of final orders or judgment by the bankruptcy court, and to do so within 14 days of the filing of the notice of removal. ABI did not do so. In its brief in support of the Motion, Adv. Doc. No. 6, ABI agreed with ¶¶ (1)–(4) and (6) of the notice and denied the balance. It also argued that the Barstads' claims are neither "inextricably intertwined" nor "qualify as a core proceeding[.]" *Id.* at 2–3 (citing *In re ACI-HDT Supply Co.*, 205 B.R. 231, 235 (9th Cir. BAP 1997)).

[9] While 28 U.S.C. §§ 1334 and 1452 speak to the *district* court's jurisdiction, this Court exercises that jurisdiction by reference from the District Court for the District of Montana. 28 U.S.C. § 157; Standing Order No. 12 (Revised Dec. 9, 2009).

7

jurisdiction. *See Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

Under 28 U.S.C. § 1334(b), the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." A proceeding "arises under" Title 11 when the cause of action is created or decided by a provision of Title 11. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995). The term "arising in" refers to those matters that arise only in a bankruptcy case, *i.e.*, matters that are not based on any right created by Title 11 but which, nevertheless, would have no existence outside of bankruptcy. *Id.* (citing *In re Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987)). The Court concludes that neither "arising under" nor "arising in" jurisdiction exists.

A civil proceeding is "related to" a case under Title 11 if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*" including those proceedings where "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the definition from *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

The Court concludes there is "related to" jurisdiction. Therefore, this Court has

jurisdiction to hear the matters. *See* 28 U.S.C. §§ 157(c), 1334(b).

### B. Additional considerations

Three additional issues must be addressed whenever jurisdiction over a removed action exists. The Court must decide if it should (1) abstain from hearing the matter, (2) remand the matter, or (3) retain the matter.

#### 1. Abstention

Abstention is governed by 28 U.S.C. § 1334(c).[10] As explained in *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997), abstention is not applicable where the case has been removed from state to federal court. "Abstention can exist only where there is a parallel proceeding in state court." *Id.; see also Schulman v. State of Cal. (In re Lazar)*, 237 F.3d 967, 981–82 (9th Cir. 2001).

There is, on the record now before the Court, no pending parallel proceeding in Montana state court. The relevant actions that did exist have been removed. Abstention does not apply.

#### 2. Remand

Under 28 U.S.C. § 1452(b), "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The "any equitable ground" language is recognized as "an unusually broad grant of authority" that

---

[10] The statute assumes jurisdiction exists, as the question under the abstention doctrine is whether the Court should exercise that jurisdiction. "The act of abstaining presumes that proper jurisdiction otherwise exists." *Krasnoff v. Marshack (In re Gen. Carriers Corp.)*, 258 B.R. 181, 190 (9th Cir. BAP 2001).

"subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999).[11] The Court may consider the same factors that determine whether permissive abstention is appropriate. *In re Diversified Contract Servs., Inc.*, 167 B.R. 591, 596 (Bankr. N.D. Cal. 1994) (noting that "cases decided under the abstention statute are persuasive authority for determining whether a removed action should be remanded.").[12] In exercising its discretion under this grant, the Court should consider several factors:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding

---

[11] *McCarthy* also recognized that a decision to remand can be reviewed only by a district court or a bankruptcy appellate panel. *Id.* (citing 28 U.S.C. § 1452(b) and *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)).

[12] A court may remand a removed proceeding under § 1452(b) "notwithstanding the absence of a motion . . . by any party." *The AEG Liquidation Tr. v. Toobro N.Y. LLC (In re Am. Equities Grp., Inc.)*, 460 B.R. 123, 128 (Bankr. S.D.N.Y. 2011) (citing *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011)). As stated in *Fed. Nat'l Mortg. Ass'n v. Home (In re U.S. Corp.)*, 2011 WL 1843163, *1 (Bankr. D. Ariz. May 13, 2011): "Given this broad grant of discretion, 'a federal bankruptcy court [generally] does not have to rely upon a motion by any party to remand a case. Instead, the court can consider, upon its own motion, its jurisdiction over the subject matter and whether to remand the matter to state court.' *Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc. (In re Ciclon Negro, Inc.)*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001)." *See also Roberts v. Bisno (In re Bisno)*, 433 B.R. 753, 758 (Bankr. C.D. Cal. 2010) (same).

in bankruptcy involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Fed. Home Loan Bank of Chicago*, 448 B.R. at 525.[13] *See also Wood v. Johnson (In re Wood),* 2011 WL 7145617, *8–9 (9th Cir. BAP Dec. 12, 2011); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990).

In evaluating the various factors, the Court notes that it does not limit its focus to the Motion which presents solely the question of enforcement of the Arbitration Agreement as between the Barstads and ABI. Recall that the Barstads seek relief not only against ABI but also against Davidson and Ide, and also a real estate firm. Context matters, and the Court thus looks beyond the Arbitration Agreement alone.

### a. Factors favoring remand

#### 1. Extent to which state law issues predominate

This factor weighs strongly in favor of remand. All issues that are raised regarding the construction and application of the Arbitration Agreement will be determined under Montana law or other authorities capable of analysis and application by the Montana state court. Indeed, the parties presented such issues to the state court prior to the bankruptcy filing and the removal. State law issues not only predominate in this litigation, virtually

---

[13] However: "Because [28 U.S.C. §] 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." *Fed. Home Loan*, 448 B.R. at 525.

all claims are based on state law.[14]

### 2. The likelihood of forum shopping

The Montana state court denied the Barstads' motion for summary judgment and granted Davidson and Ide summary judgment, entering orders requiring specific performance of the buy-sell agreements. Instead of addressing that matter further within the state court system, which might have included a request for stay pending appeal, the Barstads elected to file a bankruptcy case and, then, to remove the state court proceedings. This was manifestly an attempt at forum shopping. This factor weighs in favor of remand.

### 3. Comity

Comity is "the respect for and a deference to another's jurisdiction" and it "has particular relevance when the subject matter at issue is one closely aligned with the interests of the other judicial system or body. It informs the exercise of discretion in considering abstention." *Davidson v. Soelberg (In re Soelberg)*, 2016 WL 5874828, *4 (Bankr. D. Idaho Oct. 7, 2016) (footnote omitted). As another court has observed:

> Section 1452(b) favors comity and the resolution of state law questions by state courts, as does section 1334(c). *Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1019 (Bankr. N.D. Ala. 1996). Furthermore, section 1334(c) encourages, and in certain cases requires, "federal courts to allow state courts to hear state law matters when the only basis for federal jurisdiction is § 1334(b)." *See*

---

[14] Looking beyond the arbitration issues with ABI and the Barstads, the balance of the litigation as to Davidson and Ide relates to the rights of those parties to specific performance of their buy-sell agreements. Those, too, are issues of state law. The two notable exceptions that invoke bankruptcy law appear to be (1) the Barstads' suggestion there was a preferential transfer and (2) the Barstads' argument that the buy-sell agreements with Davidson and Ide are executory contracts under § 365.

> *Thomasson v. AmSouth Bank*, 59 B.R. 997, 1002 (N.D. Ala. 1986). "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *Cook v. Griffin*, 102 B.R. 875, 877 (N.D. Ga. 1989). Together, sections 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334 and the litigation can be timely completed in state court. Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the respective subsections of section 1334(c), likewise weigh in favor of or constrain remand under § 1452(b). *Twyman v. Wedlo, Inc.*, 204 B.R. at 1020.

*Lee v. Miller*, 263 B.R. 757, 763 (S.D. Miss. 2001).

Comity clearly and heavily favors remand.

### 4. Burden on the Court

The Court regularly hears and resolves countless motions and other matters and conducts trials on an ongoing basis, and the mere fact of this litigation does not create a burden. That this proceeding is being handled by a visiting judge presents some logistical difficulties, but not an insurmountable burden. However, the Barstads have not expressly consented to final rulings and judgments by the bankruptcy judge, thus the involvement of the District Court is also implicated. Moreover, the Barstads repeatedly assert a right to a jury trial. These issues do create burdens.

### 5. The existence of a right to jury trial

As mentioned, the Barstads claim a right to a jury to determine whether the Arbitration Agreement is enforceable. Doc. No. 164 (supplemental brief). The removed

13

Davidson/Ide state court complaint did not appear to demand a jury. Adv. Doc. No. 10. However the Barstads' answer to that complaint, their counterclaim, and their third-party complaint against ABI, demand a trial by jury. Adv. Doc. No. 38 at 44. This factor, to the extent implicated, favors remand.

### 6. Efficient administration of the estate

The Barstads[15] proposed a chapter 13 plan requiring monthly plan payments of $1,250.00 plus $2,500 per month in adequate protection payments to the lien creditor (Two Rivers Bank) on the Property until that Property is sold or refinanced. Doc. No. 21. The plan provides for a one-time payment, on or before October 1, 2019, to that lien creditor from either the sale or refinance of the Property. The Court concludes the bankruptcy case can proceed while the state court, following remand, addresses the state law issues. While at times litigation on two fronts may disrupt the process, here, the Barstads can continue their monthly payments to the chapter 13 trustee and adequate protection payments to Two Rivers Bank while litigating in state court the remanded actions. The target date for resolution of the Two Rivers Bank secured claim is sufficiently distant to allow for resolution of the Montana litigation. Therefore, this factor either weighs in favor of remand or is neutral.

---

[15] The Barstads presently live in Tasmania, Australia, and filed in the District of Montana on the basis of the location of their principal assets. Case No. 17-60586, Doc. No. 1 at 2. They used a mailing address in care of an attorney (who is different from counsel representing them in the bankruptcy). *Id.*

### 7. Difficulty or unsettled nature of applicable law

Both parties believe the law related to arbitration clauses and contract construction favors them. Either outcome, however, appears to be capable of reasonably prompt adjudication by a Montana state court. The issues do not appear to be unduly complex or novel.

### 8. Jurisdictional basis other than 28 U.S.C. § 1334

There is no alleged or evident jurisdictional basis for this Court to hear the proceeding other than the "related to" bankruptcy jurisdiction under § 1334. This factor weighs in favor of remand.

### 9. Substance rather than form of an asserted core proceeding

The matter before the Court is determined to be a "related to" proceeding, it is not "core" and therefore, this factor favors remand.

### b. Factors in opposition to remand

The remaining factors, *i.e.*, the presence or absence of related proceedings;[16] the degree of relatedness or remoteness to the main bankruptcy case; the feasibility of severing state law claims from bankruptcy matters; the presence of non-debtor parties and

---

[16] The only "related" proceeding is the separate adversary proceeding filed by Davidson and Ide in this Court, Adv. No. 17-00027, seeking declaratory relief that (a) the buy-sell agreements are not executory contracts and should be specifically enforced, and (b) the Barstads' bankruptcy filing immediately after the State Court Order was entered was an "abuse" of the bankruptcy laws. The Court can address executory contract issues after the state court has addressed the rights of the parties. The contentions about filing abuse do not seem particularly well taken as a "declaratory judgment" claim in an adversary, though they might suggest grounds for objection under § 1325(a)(7) or a motion under § 1307(c). In any event, the presence of such matters does not weigh significantly against remand.

the possibility of prejudice to other parties in the action, are either neutral or moderately favor retention of the adversary proceeding. Upon review, these factors do not outweigh the multiple factors supporting remand to the Montana state court.

### c. Termination of the § 362(a) stay

The analysis of accepted and recognized factors applicable under 28 U.S.C. § 1452(b) and § 1334(c) supports the remand of the removed actions, Case Nos. 16-68 and 17-12, to the Montana Third Judicial District Court, Powell County, Montana. For clarity, the stay will be lifted to allow the state court to proceed to resolve the parties' disputes. However, once the state court has resolved matters, enforcement or application of the resulting rulings or judgments *for bankruptcy purposes* will require the parties to return to this Court.

### 3. Adversary No. 17-00027

As noted, prior to the removal that commenced Adv. No. 17-00030, Davidson and Ide filed their own adversary proceeding. That action primarily seeks declaratory relief enforcing the buy-sell agreements. For all the reasons stated, and given the remand of the state court actions, the Court determines that it will abstain from hearing Adv. No. 17-00027 pursuant to 28 U.S.C. § 1334(c)(1). In that regard, it will also abstain from hearing any other matter in such action, including the complaint's second cause of action (declaratory judgment re: abuse of bankruptcy laws), or the matters raised in the Barstads' counterclaim. It incorporates its comments, *supra* note 16, regarding that adversary

proceeding.

**CONCLUSION**

Based on the foregoing, and the entirety of the record, and in the Court's exercise of discretion, it concludes that remand of the removed proceedings is warranted and appropriate. Given the remand of these cases to the Montana state court, this Court will not enter a ruling on the Motion and Objection. An order will be entered accordingly.

DATED: December 21, 2017

TERRY L. MYERS
U. S. BANKRUPTCY JUDGE